**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>QUINTEL PHILLIPS,<br><br>    Defendant. | No. 11-CR-2040-LRR<br><br>**ORDER** |

_____

### TABLE OF CONTENTS

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II.   RELEVANT PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . *2*

III.  ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    A.    *Government's Motion in Limine* . . . . . . . . . . . . . . . . . . . . . . . *3*
    B.    *Defendant's Motion for Separate Trials* . . . . . . . . . . . . . . . . . . *4*
        1.    *Rule 8* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
        2.    *Rule 14* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
    C.    *Defendant's Motions in Limine* . . . . . . . . . . . . . . . . . . . . . . . *7*
        1.    *Prior criminal history* . . . . . . . . . . . . . . . . . . . . . . . . . *8*
            a.    *Rule 609(a)* . . . . . . . . . . . . . . . . . . . . . . . . . *8*
            b.    *Rule 404(b)* . . . . . . . . . . . . . . . . . . . . . . . . . *9*
        2.    *Audio recordings and transcripts* . . . . . . . . . . . . . . . . . . *11*
        3.    *Hearsay statements* . . . . . . . . . . . . . . . . . . . . . . . . . *12*
        4.    *Gang-related activity* . . . . . . . . . . . . . . . . . . . . . . . . *13*
        5.    *Defendant's statements at the Linn County Jail* . . . . . . . . *13*

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *13*

### *I. INTRODUCTION*

    The matters before the court are the government's "Motion in Limine" (docket no. 30), Defendant Quintel Phillips's "Motion for Separate Trials on Counts Five and Six"

("Motion for Separate Trials") (docket no. 72) and Defendant's Motions in Limine (docket nos. 39 and 73) (collectively, the "Motions").

## II. *RELEVANT PROCEDURAL HISTORY*

On November 2, 2011, the government filed a one-count Indictment (docket no. 3) against Defendant. The Indictment charges Defendant with knowingly possessing a firearm while being an unlawful user of marijuana and after having previously been convicted of a crime punishable by imprisonment for a term exceeding one year. On December 27, 2011, the government filed its Motion in Limine. On January 3, 2012, Defendant filed a Resistance (docket no. 38). That same day, Defendant filed his first Motion in Limine. On January 6, 2012, the government filed a Resistance (docket no. 45).

On January 11, 2012, the government filed a four-count Superseding Indictment (docket no. 50). On February 8, 2012, the government filed a six-count Second Superseding Indictment (docket no. 64). Count 1 of the Second Superseding Indictment charges that, on or about February 23, 2011, Defendant knowingly and intentionally distributed a mixture or substance containing a detectable amount of marijuana within 1,000 feet of the real property comprising a school and after having previously been convicted of a felony drug offense. Such offense is a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), 851 and 860. Count 2 charges that, on or about March 3, 2011, Defendant knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of marijuana within 1,000 feet of the real property comprising a school and after having previously been convicted of a felony drug offense. Such offense is a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), 851 and 860. Count 3 charges that, from about February 23, 2011, through about March 3, 2011, Defendant knowingly possessed a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c). Count 4 charges that, on or about March 3, 2011, Defendant

2

knowingly possessed a firearm while being an unlawful user of marijuana and after having previously been convicted of a crime punishable by imprisonment for a term exceeding one year. Such offense is a violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3) and 924(a)(2). Count 5 charges that, on or about January 9, 2012, Defendant knowingly attempted to intimidate, threaten and corruptly persuade another person, RD, with the intent to influence, delay and prevent RD's testimony in an official proceeding—the criminal trial in the instant case—in violation of 18 U.S.C. §§ 1512(b)(1) and 1512(j). Finally, Count 6 charges that, from about January 20, 2012, through about January 21, 2012, Defendant knowingly intimidated, threatened and corruptly persuaded another person, RV, with the intent to influence, delay and prevent RV's testimony in an official proceeding—the criminal trial in the instant case—in violation of 18 U.S.C. §§ 1512(b)(1) and 1512(j). The Second Superseding Indictment also contains a forfeiture allegation.

On February 13, 2012, Defendant filed the Motion for Separate Trials. That same day, he filed a second Motion in Limine. On February 15, 2012, the government filed a Resistance (docket no. 76) to the Motion for Separate Trials and a Resistance (docket no. 77) to Defendant's second Motion in Limine. On February 22, 2012, the court heard arguments on the Motions during a Final Pretrial Conference ("FPTC"). The court finds that the Motions are ready for decision.

### III. ANALYSIS

The court will address each motion in turn, beginning with the government's Motion in Limine, then turning to the Defendant's Motion for Separate Trials and, finally, the Defendant's Motions in Limine.

#### A. *Government's Motion in Limine*

The government filed its Motion in Limine on December 27, 2011—before both the Superseding Indictment and the Second Superseding Indictment were filed. In the Motion in Limine, the government requests that the court admit evidence regarding Defendant's

3

drug-trafficking activities to show Defendant's motive to possess the gun. The government has since added drug-trafficking charges, specifically Counts 1 and 2 of the Second Superseding Indictment, and, consequently, evidence of Defendant's drug-trafficking activities will be admissible under those counts. Accordingly, the court shall deny the government's Motion in Limine as moot.

### B. Defendant's Motion for Separate Trials

In the Motion for Separate Trials, Defendant contends that Counts 5 and 6, relating to witness tampering, were improperly joined to Counts 1 through 4 under Federal Rule of Criminal Procedure 8. Defendant further contends that, even if the charges were properly joined, the court should order a separate trial on Counts 5 and 6 pursuant to Federal Rule of Criminal Procedure 14.

#### 1. Rule 8

Under Rule 8, an "indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "'The rules are to be liberally construed in favor of joinder.'" *United States v. Garrett*, 648 F.3d 618, 625 (8th Cir. 2011) (quoting *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005)); *see also United States v. Taken Alive*, 513 F.3d 899, 902 (8th Cir. 2008) ("The rule is broadly construed in favor of joinder to promote the efficient administration of justice.").

In *United States v. Rock*, 282 F.3d 548, 552 (8th Cir. 2002), the Eighth Circuit Court of Appeals held that a witness tampering charge was properly joined with a felon-in-possession charge "because they were factually interrelated." Similarly, in *United States v. Carmichael*, 685 F.2d 903, 910 (4th Cir. 1982), *cited with approval in Rock*, 282 F.3d at 552, the Fourth Circuit Court of Appeals held that obstruction of justice charges were properly joined with counts relating to a conspiracy to pay voters for their votes. The

Fourth Circuit explained that, because "the obstruction of justice charges related to actions by [the defendants] to conceal the actions for which they were charged under conspiracy and substantive counts," the obstruction charges were part of the "same series of acts or transactions" as the conspiracy and substantive counts. *Id.*; *see also United States v. Little Dog*, 398 F.3d 1032, 1037 (8th Cir. 2005) (finding that an obstruction charge was properly joined with a sexual abuse charge because there would be an overlap of evidence).

In this case, Defendant argues that Counts 5 and 6 are improperly joined to Counts 1 through 4 "due to the nature of the counts" and because "the conduct [alleged in Counts 5 and 6] took place well after the original indictments happened." Motion for Separate Trials at 1. The court disagrees. The witness tampering charges, Counts 5 and 6, arise out of conduct intended to hinder prosecution of Counts 1 through 4, and, thus, the court finds that Counts 5 and 6 are part of the "same act or transaction" under Rule 8(a). Therefore, Counts 5 and 6 are properly joined with Counts 1 through 4.

### 2. Rule 14

Although the charges are properly joined under Rule 8, Federal Rule of Criminal Procedure 14 grants the court the discretion to "order separate trials of counts" when the "joinder of offenses . . . in an indictment . . . appears to prejudice a defendant." Fed. R. Crim. P. 14(a); *see also Garrett*, 648 F.3d at 625 ("[A] district court may exercise its discretion and sever the charges if the defendant will be prejudiced by the joinder of the two charges."). A district court possesses broad discretion to grant or deny a motion to sever charges. *United States v. Al-Esawi*, 560 F.3d 888, 891 (8th Cir. 2009) (reviewing for an abuse of discretion); *United States v. Robaina*, 39 F.3d 858, 861 (8th Cir. 1994) ("A motion to sever is addressed to the sound discretion of the district court."). Rule 14 provides relief only when a joint trial will prejudice a defendant. *See Al-Esawi*, 560 F.3d at 891. Such prejudice must be "'severe or compelling.'" *United States v. Kirk*, 528 F.3d 1102, 1108 (8th Cir. 2008) (quoting *Ruiz*, 412 F.3d at 886). "Severe prejudice occurs

5

when a defendant is deprived of 'an appreciable chance for an acquittal,' a chance that defendant 'would have had in a severed trial.'" *Id.* (quoting *United States v. Boyd*, 180 F.3d 967, 982 (8th Cir. 1999)). The burden is on the defendant to establish prejudice. *See Garrett*, 648 F.3d at 626; *United States v. Darden*, 70 F.3d 1507, 1527 (8th Cir. 1995).

There is a strong presumption in the law in favor of joinder and against severance. *See, e.g.*, *Ruiz*, 412 F.3d at 886 ("The presumption against severing properly joined cases is strong . . . ."); *Darden*, 70 F.3d at 1526 (stating that Rules 8 and 14 should be construed in favor of joinder). It is well-settled that "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Consequently, district courts rarely grant relief under Rule 14. *See, e.g.*, *United States v. Lucas*, No. 06-CR-1047, 2007 WL 172009 (N.D. Iowa Jan. 17, 2007) (Reade, C.J.), *aff'd on other grounds*, 521 F.3d 861 (8th Cir. 2008); *United States v. Cooper*, No. 06-CR-35, 2006 WL 2095217 (N.D. Iowa July 26, 2006) (Reade, J.); *United States v. Hewett*, No. CR99-3012, 2000 WL 34031794 (N.D. Iowa Apr. 24, 2000) (Bennett, C.J.). This is due, in part, to the fact that it is readily apparent that jurors are able to effectuate justice even when the indictment and jury instructions are long and complicated. *Cf. Hewett*, 2000 WL 34031794, at *12 ("It must be recalled that there is a presumption that the jury will be able to sort out the evidence applicable to each defendant and render its verdict accordingly." (quoting *United States v. Moreno*, 933 F.2d 362, 370 (6th Cir. 1991)) (internal quotation marks omitted)).

In this case, Defendant alleges that a joint trial will entail a "high risk of undue prejudice" because the "joinder of counts allows evidence of other crimes to be introduced in a trial with respect to which the evidence would otherwise be inadmissible."

6

Memorandum in Support of Motion for Separate Trials (docket no. 72-1) at 2 (quoting *United States v. Aldrich*, 169 F.3d 526, 528 (8th Cir. 1999)). The court disagrees. Evidence related to Counts 1 through 4 would be admissible in a trial solely on the witness tampering charges. *See Rock*, 282 F.3d at 552 ("[E]vidence of the felon-in-possession charge would have been admissible in a separate trial of the witness tampering charge, because [the defendant's] witness tampering was an attempt to avoid prosecution of the firearms charge."). Furthermore, evidence related to the witness tampering charges would be admissible in a trial solely on Counts 1 through 4. *See United States v. Garrison*, 168 F.3d 1089, 1093 (8th Cir. 1999) ("Evidence of threats against witnesses is routinely admitted against criminal defendants to show consciousness of guilt."); *United States v. Guerrero-Cortez*, 110 F.3d 647, 652 (8th Cir. 1997) ("An effort to intimidate a witness tends to show consciousness of guilt."). Thus, the court finds that Defendant will suffer no additional prejudice if the crimes are tried together. *See Taken Alive*, 513 F.3d at 903 ("'Where evidence that a defendant had committed one crime would be probative and thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together.'" (quoting *United States v. Rodgers*, 732 F.2d 625, 630 (8th Cir. 1984))). Accordingly, the court shall deny Defendant's Motion for Separate Trials.

### C. *Defendant's Motions in Limine*

In Defendant's first Motion in Limine, he requests that the court exclude: (1) references to Defendant's criminal convictions or arrests; (2) audio recordings and any transcripts of those recordings; (3) hearsay statements; and (4) evidence related to Defendant's involvement in a gang. Defendant's second Motion in Limine, filed after the Second Superseding Indictment, seeks the same relief as the first Motion in Limine and also requests that the court exclude statements Defendant made while at the Linn County Jail. The court will address each category of evidence in turn.

### 1. *Prior criminal history*

First, Defendant requests that the court exclude any references to Defendant's criminal convictions or arrests not otherwise admissible under the Federal Rules of Evidence. "Defendant [maintains that he] would object to this evidence under [Federal Rules of Evidence] 402, 401 and 404." Defendant's Second Motion in Limine at 1. Defendant does not identify any specific convictions that he wishes the court to exclude. In its Memorandum in Support of its Resistance to Defendant's Second Motion in Limine ("Gov. Mem.") (docket no. 77-1), the government lists a total of six convictions it intends to use for impeachment purposes under Federal Rule of Evidence 609(a) should Defendant testify. Additionally, the government identifies three of those convictions as being admissible under Federal Rule of Evidence 404(b) "to show [D]efendant's motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Gov. Mem. at 3. The court will first address whether the six convictions are admissible under Rule 609(a) in the event Defendant testifies. Next, the court will determine whether the three convictions the government identifies are admissible under Rule 404(b).

### a. *Rule 609(a)*

Rule 609(a) provides that a defendant's prior conviction is admissible for impeachment purposes if the prior conviction, "in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year," and "the probative value of the evidence outweighs its prejudicial effect." Fed. R. Evid. 609(a). The Rule also contains a time limit:

> [I]f more than 10 years have passed since the witness's conviction or release from confinement for it, . . . [e]vidence of the conviction is admissible only if:
>> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and

> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

*Id.* 609(b).

The court acknowledges that each of the six convictions the government identifies are crimes punishable by imprisonment for a term exceeding one year under the laws of the State of Iowa, and each conviction is less than ten years old. However, because the court is not yet aware of whether Defendant will testify, the court shall reserve ruling on this issue. The parties may raise the issue again at trial if it becomes apparent that Defendant will testify.

### b. *Rule 404(b)*

Even if Defendant does not testify at trial, the government contends that three of Defendant's prior convictions are admissible pursuant to Rule 404(b) "to show [D]efendant's motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Gov. Mem. at 3. Specifically, the government intends to offer: (1) a December 6, 2007, conviction for possession of marijuana with intent to deliver in the Iowa District Court for Black Hawk County; (2) an October 13, 2006, conviction for possession of marijuana, second offense, in the Iowa District Court for Black Hawk County; and (3) an October 7, 2004, conviction for possession of marijuana with intent to deliver in the Iowa District Court for Black Hawk County.

Rule 404(b) provides that evidence of other crimes is not admissible to show a defendant's propensity to commit crime; however, such evidence may be admissible for other purposes, such as proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). "[Rule 404(b)] is a rule of inclusion, such that evidence offered for permissible purposes is presumed admissible absent a contrary determination." *United States v. Johnson*, 439

F.3d 947, 952 (8th Cir. 2006). The Eighth Circuit Court of Appeals has adopted a four-factor test to determine the admissibility of Rule 404(b) evidence:

> To be admissible, Rule 404(b) evidence "must (1) be relevant to a material issue raised at trial, (2) be similar in kind and close in time to the crime charged, (3) be supported by sufficient evidence to support a finding by a jury that the defendant committed the other act, and (4) not have a prejudicial value that substantially outweighs its probative value."

*Id.* (quoting *United States v. Kern*, 12 F.3d 122, 124-25 (8th Cir. 1993)).

First, it is well-settled in the Eighth Circuit that "a prior conviction for distributing drugs, and even the possession of user-quantities of a controlled substance, are relevant under Rule 404(b) to show knowledge and intent to commit a current [drug-trafficking] charge." *United States v. Robinson*, 639 F.3d 489, 494 (8th Cir. 2011) (quoting *United States v. Frazier*, 280 F.3d 835, 847 (8th Cir. 2002)) (internal quotation mark omitted); *see also United States v. Hill*, 638 F.3d 589, 592 (8th Cir. 2011) (holding that evidence of the defendant's prior distribution of cocaine was relevant to the material issues of the defendant's knowledge or intent to distribute drugs); *Johnson*, 439 F.3d at 952 (holding that evidence of the defendant's prior drug dealing was "relevant to the material issue [of] whether [the defendant] had the requisite intent to enter into a conspiracy with [another person] to distribute drugs"). Accordingly, the court finds that the three prior convictions that the government seeks to admit are relevant to the material issues of Defendant's intent and knowledge.

Second, the court finds that these convictions are similar in kind and close in time to the current charged offenses. *See United States v. Shillingstad*, 632 F.3d 1031, 1035 (8th Cir. 2011) (holding that prior bad acts "were sufficiently close in time" when they were committed "within four years of the charged conduct"); *United States v. Crippen*, 627 F.3d 1056, 1064 (8th Cir. 2010) (holding that evidence of a seven-year-old conviction was not too remote in time), *cert. denied*, ___ U.S. ___, 131 S. Ct. 2914 (2011); *United*

10

*States v. Trogdon*, 575 F.3d 762, 766 (8th Cir. 2009) (holding that evidence of an eleven-year-old conviction was not too remote in time).

Under the third factor, evidence of the prior bad act must be supported by sufficient evidence. Defendant has not alleged that there is insufficient evidence to support his three prior drug-related convictions. Thus, the court finds that this factor has been satisfied.

Finally, these prior convictions are not so prejudicial that they outweigh their probative value. While the court does not doubt that Defendant will suffer some prejudice, the court cannot say that such prejudice outweighs the highly probative value of the evidence of Defendant's prior convictions. The court further notes that any prejudice will be lessened by an appropriate jury instruction. *See United States v. Littlewind*, 595 F.3d 876, 881 (8th Cir. 2010) ("[T]he risk [of unfair prejudice] was adequately reduced by two cautionary instructions from the district court . . . ."); *United States v. Turner*, 583 F.3d 1062, 1066 (8th Cir. 2009) ("[T]he district court's limiting instruction—clarifying that the evidence was admitted only for the purpose of showing knowledge and intent—minimized any prejudicial effect it may have had.").

Thus, each of the four Rule 404(b) factors has been satisfied, and, accordingly, the court finds that Defendant's prior drug-related convictions, as provided above, are admissible under Rule 404(b). The court shall deny Defendant's Motions in Limine to the extent they seek to exclude evidence of his prior convictions under Rule 404(b).[1]

### 2. *Audio recordings and transcripts*

Next, Defendant requests that the court exclude audio recordings and videotapes under Federal Rules of Evidence 402, 403 and 404. Defendant does not identify what audio recordings he is requesting the court to exclude from evidence. In its Memorandum in Support of its Resistance to Defendant's Second Motion in Limine, the government

---

[1] The court recognizes that the prior felonies are admissible as substantive evidence under Count 4.

indicates that it anticipates offering audio recordings of telephone calls Defendant made from the Linn County Jail, a videotape of Defendant's post-arrest interview and an audio recording of the confidential informant's controlled buy. At the FPTC, the government stated that it no longer intends to offer the videotape of the post-arrest interview. The court agrees with the government that the audio recordings are relevant, and, accordingly, the court shall deny Defendant's Motions in Limine to the extent they seek to exclude audio recordings from evidence.

Defendant further objects "to the use of any transcripts under the best evidence rule." Defendant's First Motion in Limine at 2; Defendant's Second Motion in Limine at 2. "The use of typed transcripts as visual aids to the jury in listening to the playback of the recorded communications is a matter within the sound discretion of the trial judge." *United States v. John*, 508 F.2d 1134, 1141 (8th Cir. 1975). The court routinely permits juries to use transcripts to follow along with audio recordings. It is the court's practice to instruct the jury that the evidence is what the jurors hear, not what they read. *See* Eighth Circuit Model Criminal Jury Instruction 2.06A. Furthermore, transcripts are not available to the jurors in the jury room. Thus, the court shall deny Defendant's Motions in Limine to the extent they seek to disallow the use of transcripts. *See John*, 508 F.2d at 1141 (upholding the district court's decision to allow the jury to use transcripts as listening aids). The parties are directed to produce joint transcripts of any audio recordings. If the parties disagree as to the substance of a transcript, they are directed to follow the court's standard procedure as discussed at the FPTC.

### 3. *Hearsay statements*

Third, Defendant requests that the court exclude any statements the confidential informant made to law enforcement, any out-of-court statements by Defendant's brother, Larry Phillips, and any hearsay statements regarding Defendant's possession of a firearm or drug-related activity. Defendant does not any identify particular statements he wishes

the court to exclude. At the FPTC, Defendant withdrew his request that the court exclude Larry Phillips's out-of-court statements. The government "agrees that the Federal Rules of Evidence prohibit hearsay testimony, and the government does not intend to elicit hearsay testimony at trial." Gov. Mem. at 5. However, the government argues that "these statements may be admissible if they are offered as non-hearsay, or if they are offered pursuant to a hearsay exception." *Id*. The court shall reserve ruling on this issue.

### *4. Gang-related activity*

Defendant requests that the court exclude evidence relating to Defendant's involvement in a gang. The government states that it "does not intend to elicit information relating to [D]efendant's gang activity." *Id*. at 6. Accordingly, the court shall deny as moot Defendant's Motions in Limine insofar as they seek to exclude evidence of Defendant's gang-related activity.

### *5. Defendant's statements at the Linn County Jail*

Finally, Defendant contends in his second Motion in Limine that, if the court grants the Motion for Separate Trials, the court should also exclude statements Defendant made while at the Linn County Jail. These statements are the basis of Counts 5 and 6. As discussed above, the court does not deem it appropriate to grant the Motion for Separate Trials. Accordingly, the court finds that the statements are admissible and shall deny Defendant's Second Motion in Limine to the extent that it seeks to exclude Defendant's statements at the Linn County Jail from evidence.

## IV. CONCLUSION

In light of the foregoing, the court **HEREBY ORDERS**:

(1) The government's Motion in Limine (docket no. 30) is **DENIED AS MOOT**;

(2) Defendant's Motion for Separate Trials on Counts Five and Six (docket no. 72) is **DENIED**;

(3) Defendant's Motions in Limine (docket nos. 39 and 73) are **DENIED IN PART AS MOOT**, **DENIED IN PART** and the court **RESERVES RULING IN PART**; and

(4) The parties must not directly or indirectly refer to or elicit answers from witnesses on the prohibited subjects. Each party is charged with the responsibility of cautioning its witnesses as to the substance of this Order. If during the presentation of evidence a party believes that a prohibited subject has become relevant, the party may request an opportunity to argue relevance outside the presence of the jury.

**DATED** this 24th day of February, 2012.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA